IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

M.D., an individual, and T.D., an individual,

    Plaintiffs,

    v.                                            Case No. 1:24-cv-00730-KWR-KK

COOPERSURGICAL, INC., and THE
COOPER COMPANIES, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANT THE COOPER COMPANIES INC.'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant The Cooper Companies, Inc. ("CooperCompanies") Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") (**Doc. 28**). Having reviewed the parties' briefing and the applicable law, the Court finds that Defendant's motion is well-taken, and therefore, is **GRANTED IN PART**.

### BACKGROUND

M.D. and T.D. ("Plaintiffs") bring strict products liability (manufacturing defect, design defect, and failure to warn), negligence or gross negligence, and negligent failure to recall causes of action against Defendants CooperSurgical and CooperCompanies (collectively, "Defendants"). **Doc. 26, at 1**. The causes of action arise from Plaintiffs' loss of embryos and failed transfer procedure during the in vitro fertilization ("IVF") process allegedly caused by Defendants' negligence and faulty embryonic culture media. **Doc. 26 ¶¶ 1–2, 42**.

Plaintiffs allege Defendants manufacture and market "embryo culture media." *Id.* ¶ 36. To develop during the IVF process, an embryo needs a culture media composed of several key ingredients, including magnesium. *Id.* ¶ 23. In December of 2023, Defendants issued a recall of several lots of culture media. *Id.* ¶ 46. Plaintiffs allege Defendants marketed, manufactured, and distributed the media, and that Defendants knew or should have known the recalled media lacked a critical ingredient, magnesium. *Id.* ¶¶ 30–36.

Plaintiff M.D. began the IVF process in July 2023 and underwent a transfer procedure in December 2023. *Id.* ¶¶ 39, 42. Plaintiff M.D. used the culture media from the recalled lots, and the embryo did not implant. *Id.* ¶ 42–43. The loss "devastated" Plaintiffs, and they have suffered "substantial emotional and mental distress." *Id.* ¶ 45.

On June 11, 2024, Plaintiffs filed suit in New Mexico's Second Judicial District Court. **Doc. 1-1, Ex. 1, at 1**. Defendants timely removed to federal court. **Doc. 1, at 8**. Plaintiffs amended their Complaint on May 28, 2025 (**Doc. 26**) and Defendant CooperCompanies now moves to dismiss Plaintiffs' FAC (**Doc. 28**).

## LEGAL STANDARD

When a defendant contests a court's jurisdiction, "the plaintiff has the burden of proving jurisdiction exists." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008) (citation omitted). The burden is "light," and, when no evidentiary hearing is held, the plaintiff must only make a prima facie showing of personal jurisdiction to defeat the motion. *Id.* at 1056–57 (citations omitted). A plaintiff may make this prima facie showing by affidavit or other written materials that support jurisdiction over the defendant. *Id.* at 1057 (citation omitted). Once controverted by an affidavit, a plaintiff's "well-pleaded jurisdictional allegations are not accepted as true." *Schrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011) (citation omitted). Once

controverted, a plaintiff "has the duty to support [her] jurisdictional allegations by competent proof." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1508 (10th Cir. 1995) (citations omitted). Ultimately, a court must determine "whether the plaintiff's allegations, as supported by affidavits, make a prima facie showing of personal jurisdiction." *Id.* at 1505 (citation omitted).

## DISCUSSION

Defendant CooperCompanies moves to dismiss Plaintiffs' FAC pursuant to Federal Rules of Civil Procedure Rule ("Rule") 12(b)(2), Rule 12(b)(6), and Rule 8(a). **Doc. 28, at 3–4, 10**. Defendant CooperCompanies argues this Court lacks personal jurisdiction over it. In light of Aloma Avery's Declaration ("Avery Declaration"), Defendant CooperCompanies contends Plaintiffs cannot establish sufficient minimum contacts with New Mexico. *Id.* **at 8**. Plaintiffs contend they sufficiently allege facts establishing minimum contacts and that the Avery Declaration cannot be considered at this stage. **Doc. 39, at 5–8**. Defendant CooperCompanies also contends Plaintiffs run afoul of Rule 8(a)(2) and fail to state a claim upon which relief can be granted. **Doc. 28 at 3, 10**. Defendant CooperCompanies argues each failure warrants dismissal. *Id.*

The Court finds the unopposed Avery Declaration can be considered for the purposes of jurisdiction, and the Court finds Plaintiffs fail to meet their burden to establish personal jurisdiction over Defendant CooperCompanies. Without personal jurisdiction, the Court declines to address the other issues. *See Walker v. THI of New Mexico at Hobbs Ctr.*, 801 F. Supp. 2d 1128, 1140 (D.N.M. 2011) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998) ("When a defendant couples a 12(b) motion to dismiss for lack of personal jurisdiction with other issues, the court must first determine the jurisdictional issue . . . . If jurisdiction is lacking, the court cannot render a valid judgment on the merits of the other issues.").

I. **Whether this Court has Personal Jurisdiction over Defendant CooperCompanies.**

This Court, sitting in diversity, is required to apply "the law of [New Mexico]." *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1216–17 (10th Cir. 2011) (quoting *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Generally, federal courts "follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). "Personal jurisdiction is established by the laws of the forum state and must comport with constitutional due process." *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 492 (10th Cir. 2012) (citation omitted). New Mexico's long-arm statute extends "as far as constitutionally permissible," *Tercero v. Roman Cath. Diocese of Norwich*, 2002-NMSC-018, ¶ 6, 132 N.M. 312, 48 P.3d 50 (citation omitted), thus, the state inquiry collapses into the constitutional inquiry, *Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1279 (10th Cir. 2016) (citation omitted).

Due process requires that (1) the defendant "purposefully established minimum contacts within the forum State," and (2) the assertion of personal jurisdiction comports with notions of "fair play and substantial justice." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). The contacts "must be such that the defendant 'should reasonably anticipate being haled into court there.'" *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839–40 (10th Cir. 2020) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Personal jurisdiction takes the form of general or specific jurisdiction. *Daimler*, 571 U.S. at 128–29.

**A.  Whether the Avery Declaration May Be Considered.**

Plaintiffs argue Defendant CooperCompanies seek to improperly introduce facts outside the four corners of the Complaint through the Avery Declaration (**Doc. 28-1**). Plaintiffs misconstrue the entirety of Defendant CooperCompanies' Motion to Dismiss as one falling under

4

Rule 12(b)(6). **Doc. 39 at 7–9**. Defendant CooperCompanies properly moves to dismiss under both Rule 12(b)(2) and 12(b)(6), **Doc. 28 at 3–4**, and submits the Avery Declaration to support its argument for lack of personal jurisdiction, **Doc. 42, at 4**.

Personal jurisdiction issues can be resolved upon a motion to dismiss. *Albuquerque Facility, LLC v. Danielson*, 181 F. Supp. 3d 924, 929–30 (D.N.M. 2016) (citation omitted). A court may consider affidavits, declarations, other evidence, or order jurisdictional discovery on a motion attacking jurisdiction. Fed. R. Civ. P. 12(b)(2); *see also Smith v. Cutler*, 504 F. Supp. 2d 1162, 1165 (D.N.M. 2007) (citation omitted) ("Affidavits, depositions, answers to interrogatories, and similar evidentiary matter may be presented and are freely considered on a motion attacking jurisdiction."). Reliance upon evidence outside the pleadings does not convert the motion into a summary judgment motion, unless "the jurisdictional question is intertwined with the merits of the case." *Sizova v. Nat. Institute of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (citations omitted).

Here, the Avery Declaration may be considered for Defendant CooperCompanies' Motion to Dismiss for lack of personal jurisdiction. *See XMission*, 955 F.3d at 839 (citation omitted) (finding plaintiff may defeat a motion to dismiss by presenting . . . "an affidavit or declaration"). Plaintiffs' FAC refers to CooperSurgical and CooperCompanies collectively as "Defendants." **Doc. 26 at 1**. Plaintiffs allege Defendants manufactured, marketed, promoted, distributed and sold the culture media that caused Plaintiffs' harm. *Id.* ¶ 2. Further, Plaintiffs allege Defendants recalled the culture media after the harm occurred, failed to adequately monitor their manufacturing system, and did not test the culture media. *Id.* ¶¶ 30–36. The Avery Declaration controverts the allegations in Plaintiffs' FAC concerning personal jurisdiction as it relates to Defendant CooperCompanies. Avery swears that Defendant CooperCompanies did not develop,

manufacture, sell, market, design, or research the culture media. **Doc. 28-1, ¶¶ 3–5, 14**. Avery also swears that Defendant CooperCompanies is a separate legal entity and was not involved in the development or recall of the culture media at issue. *Id.* **¶¶ 8–13**.

The Avery Declaration directly controverts Plaintiffs' jurisdictional allegations, and the Court need not accept Plaintiffs' jurisdictional allegations as true. Rather, Plaintiffs must meet their duty of presenting "competent proof" to the contrary. *Wenz*, 55 F.3d at 1508 (citations omitted) (discussing a plaintiff's duty to support jurisdictional allegations after being challenged by an appropriate pleading). Plaintiffs offer no competent proof contradicting the Avery Declaration. Thus, the uncontroverted Avery Declaration controls the lack of jurisdiction dispute. *See Shrader*, 633 F.3d at 1248 (finding unopposed affidavits concerning jurisdiction control over allegations in a complaint).

### B. General Jurisdiction.

Defendant CooperCompanies argues this Court does not have general jurisdiction over it. **Doc. 28 at 5–6**. Plaintiffs provide no opposition beyond broad allegations in their FAC. **Doc. 26 ¶¶ 10, 14**. The Court declines to exercise general jurisdiction over Defendant CooperCompanies.

A court may assert general jurisdiction over a foreign corporation if the corporation's contacts with the State are so "'continuous and systematic' as to render them essentially at home in the forum state." *Old Republic*, 877 F.3d at 904 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A corporation's place of incorporation and principal place of business are paradigmatic "bases for general jurisdiction." *Daimler*, 571 U.S. at 137 (citation omitted). In an exceptional case, a corporation may be found to be "at home" in a forum other than its place of incorporation or principal place of business. *Id.* at 139 n.19. To assess the strength of a corporation's contacts with a forum, courts consider the following: (1) whether the

corporation solicits business in the state; (2) whether agents are regularly sent to solicit business; (3) the extent the corporation holds itself out as doing business in the state; and (4) the volume of business conducted in the state. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996) (citation omitted).

Here, Defendant CooperCompanies is incorporated in Delaware and its principal place of business is in California. **Doc. 28-1 ¶ 2**. Plaintiffs merely allege Defendant CooperCompanies "is authorized to conduct business within the State of New Mexico." **Doc. 26 ¶ 10**. This allegation, alone, is insufficient to establish general jurisdiction over Defendant CooperCompanies. S*ee Chaves v. Bridgestone Americas Tire Operations, LLC*, 2022-NMSC-006, ¶ 34, 503 P.3d 332 ("[T]he BCA does not compel a registered foreign corporation to consent to general personal jurisdiction in New Mexico."). Moreover, the Avery Declaration posits that Defendants CooperCompanies and CooperSurgical are distinct legal entities, and Defendant CooperCompanies did not market, sell, distribute, manufacture, or otherwise develop the culture media. **Doc. 28-1 ¶¶ 3–4, 8**. Plaintiffs broadly allege Defendant CooperCompanies "distributed its products, including the above-referenced embryo culture media" in New Mexico. **Doc. 26 ¶ 10**. The Avery Declaration controls concerning the culture media, and Plaintiffs' broad allegation that Defendant CooperCompanies is a "global medical device corporation . . . [that] distribute[s] its products" in New Mexico, *id.*, does not establish contacts so continuous and systematic to find general personal jurisdiction, *see Daimler*, 571 U.S. at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them."). Accordingly, the Court declines to exercise general jurisdiction over Defendant CooperCompanies.

    C.  **Specific Jurisdiction**

Plaintiffs contend this Court has specific jurisdiction over Defendant CooperCompanies based on their allegations that Defendant CooperCompanies directly, and through its agent, Defendant CooperSurgical, had sufficient minimum contacts with New Mexico. Plaintiffs offer no competent proof to rebut the controlling Avery Declaration, however. Thus, the Court finds Defendant CooperCompanies is not subject to specific jurisdiction.

A court may assert specific jurisdiction over an out-of-state party only if the cause of action relates to the forum state. *Old Republic*, 877 F.3d at 904 (citing *Daimler*, 571 U.S. at 127). The specific jurisdiction inquiry considers (1) whether the defendant has minimum contacts with the forum and (2) whether the defendant has shown other compelling considerations "render[ing] jurisdiction unreasonable." *Id.* (citing *Burger King*, 471 U.S. at 476–77). To establish minimum contacts, a plaintiff must establish (1) the defendant "purposefully directed its activities at residents of the forum state," and (2) their injuries "arise out of defendant's forum-related activities." *Shrader*, 633 F.3d at 1239 (internal quotations omitted) (quoting *Burger King*, 471 U.S. at 472).

1. **Purposefully Directed Activities**

Purposeful direction requires a defendant to deliberately engage in significant activities within or direct its activities at the forum such that it has "manifestly availed [itself] of the privilege of conducting business there." *XMission*, 955 F.3d at 840. The "unilateral activity of another party or a third person . . . or the mere foreseeability that [a defendant's] actions may cause injury in that jurisdiction" is insufficient. *Id.* at 840–41 (internal quotations and citations omitted). Generally, for tort claims, a court looks to "the harmful effects . . . in the forum state." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1231 (10th Cir. 2020) (citation omitted). Under this framework, purposeful direction has three elements: "(1) an intentional action; (2) expressly aimed

8

at the forum state; and (3) with knowledge that the brunt of the injury would be felt in the forum state." *Id.* (citations omitted).

Here, Plaintiffs argue they sufficiently allege Defendant CooperCompanies "promot[ed] . . . . [and] placed the product into the stream of commerce." **Doc. 39 at 5–6**. However, Plaintiffs do not rebut the Avery Declaration and fail to establish minimum contacts. *See* **Doc. 28-1 ¶¶ 3–4, 14**.

Because Defendant CooperCompanies did not develop, manufacture, market, distribute, or assist in the recall of the culture media, finding an "intentional action" by Defendant CooperCompanies would be tenuous. Even if there is an intentional action, Defendant CooperCompanies was not sufficiently involved with the culture media that caused Plaintiffs' injury. Thus, Defendant CooperCompanies did not "expressly aim" an act at New Mexico. *See Walden v. Fiore*, 571 U.S. 277, 290 (2014) ("[M]ere injury to a forum resident is not a sufficient connection to the forum."); *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 969 (10th Cir. 2022) (citation omitted) ("[T]he forum state must be the 'focal point' of *the defendant's* tortious conduct."). Knowledge that the brunt of the alleged defect would be felt in New Mexico cannot be found because Defendant CooperCompanies was not involved in the marketing or distribution of the culture media. Accordingly, Defendant CooperCompanies did not purposefully direct activities at New Mexico sufficient to find minimum contacts.

**2. Plaintiffs' Injuries Do Not Arise Out of Defendant's Forum-Related Activities**

The minimum contacts test requires a plaintiff's injuries to arise out of the defendant's forum-related activities. *Old Republic*, 877 F.3d at 908 (citation omitted). This inquiry requires "an adequate link between the forum State and the claims at issue." *XMission*, 955 F.3d at 840 (citing *Bristol-Meyers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017)). The link can be

9

established under two tests: the "but-for test and the proximate cause test." *Newsome v. Gallacher*, 722 F.3d 1257, 1269 (10th Cir. 2013). Under the but-for approach, "any event in the causal chain leading to the plaintiff's injury is sufficiently related to the claim to support the exercise of specific jurisdiction." *Id.* (citation omitted). Under the proximate cause approach, a court must examine "whether any of the defendant's contacts with the forum are relevant to the merits of the plaintiff's claim." *Id.* at 1269–70 (citation omitted).

Pursuant to the Avery Declaration, Defendant CooperCompanies is neither a but-for cause nor the proximate cause of Plaintiffs' injuries. Defendant CooperCompanies is an entirely separate legal entity from Defendant CooperSurgical and was not involved in the distribution, manufacture, development, or recall of the culture media which allegedly caused Plaintiffs' injuries. **Doc. 28 ¶¶ 8, 14**. Here, Plaintiffs allege "Defendants," collectively referencing both CooperCompanies and CooperSurgical, but the uncontested Avery Declaration makes clear that Defendant CooperCompanies has no contacts relevant to Plaintiffs' claims and played no part in Plaintiffs' allegations. Thus, both the proximate cause and but-for approaches fail.

Accordingly, Plaintiffs fail to establish Defendant CooperCompanies has sufficient minimum contacts, and the Court will not address whether a finding of personal jurisdiction comports with "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (internal quotations and citation omitted).

### D. Alter Ego or Agency Liability

Plaintiffs contend they sufficiently allege facts establishing CooperSurgical acted as CooperCompanies' agent. **Doc. 39 at 4–5**. For jurisdictional purposes, the Court disagrees.

Generally, the "mere relationship of [a] parent corporation and subsidiary corporation" is not a sufficient basis to subject both to jurisdiction if the parent is not otherwise present in the

forum. *Alto Eldorado P'ship v. Amrep*, 2005-NMCA-131, ¶ 32, 138 N.M. 607, 124 P.3d 585; *see also United States v. Bestfoods*, 524 U.S. 51, 61 ("[Generally,] a parent corporation . . . is not liable for the acts of its subsidiaries."). When circumstances justify disregarding the corporate form, however, the contacts of the subsidiary may be imputed to the parent to establish general jurisdiction over the parent. *Weisler v. Cmty. Health Sys., Inc.*, No. 12–0079 MV/CG, 2012 WL 4498919, at *11 (D.N.M. Sept. 27, 2012) (citing *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974)). The primary inquiry is whether the parent actually controlled its subsidiary in a fashion that makes the subsidiary a mere instrument of the parent and a disregard of the corporate form of the subsidiary. *Quarles*, 504 F.2d at 1364; *Scott v. AZL Res., Inc.*, 1988-NMSC-028, ¶ 7, 107 N.M. 118, 753 P.2d 897 ("[W]here a subsidiary is a mere business conduit for the parent or where there is such unity of interest and ownership that the individuality or separateness of the two corporations has ceased, the parent may be [treated like] its subsidiary.").

In disregarding the corporate form for jurisdictional purposes, courts have considered the following: (1) whether the parent corporation owns all or majority of the capital stock of the subsidiary; (2) whether the parent and subsidiary share directors or officers; (3) whether the parent corporation finances the subsidiary; (4) whether the parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation; (5) whether the subsidiary has grossly inadequate capital; (6) whether the parent corporation pays the expenses or losses of the subsidiary; (7) whether the subsidiary has substantially no business or assets except with the parent corporation (8) whether the subsidiary is referred to as a department or division; (9) whether the directors or executives of the subsidiary take direction from the parent corporation; and (10) whether the formal legal requirements of the subsidiary are not observed. *Cruttenden v.*

11

*Mantura*, 1982-NMSC-021, ¶ 8, 97 N.M. 432, 640 P.2d 932. None of these factors are individually dispositive, and the Court maintains discretion in their consideration. *Id.*

Here, to the extent the alter ego and agency theories relate to jurisdiction, the uncontested Avery Declaration still controls. Plaintiffs argue they sufficiently allege Defendant CooperSurgical acted as Defendant CooperCompanies' agent.[1] In light of the factors considered, the Court disagrees. First, Plaintiffs allege Defendant CooperSurgical is a "wholly owned subsidiary of [Defendant CooperCompanies]," **Doc. 26 ¶ 11**; however, Avery swears Defendant CooperCompanies and CooperSurgical are "separate and distinct" legal entities that "strictly observe all . . . corporate formalities," **Doc. 28-1 ¶ 8**. Plaintiffs allege "Defendants were acting within the course and scope of said alternative personality, capacity, identity, agency, representation, and/or employment . . . ." **Doc. 26 ¶ 13**. The controlling Avery Declaration asserts the following: (1) the companies have separate executive directors for day-to-day operations; (2) CooperSurgical generates its own cash flow, pays its own bills, and maintains separate books; and (3) CooperSurgical is not a department or division of CooperCompanies. **Doc. 28-1 ¶¶ 10–13**. The factors heavily weigh against disregarding the corporate form to exercise jurisdiction over Defendant CooperCompanies. Accordingly, the Court finds no basis to exercise personal jurisdiction over Defendant CooperCompanies.

## II. Jurisdictional Discovery

Plaintiffs summarily request leave to conduct limited discovery to develop the record before responding to the factual allegations within the Avery Declaration. **Doc. 39 at 8, 8 n.5**.

---

[1] Plaintiffs also point to *Gonzales v. Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO*, arguing *Gonzales* states "allegations of agency are sufficient to withstand a motion to dismiss." 1966-NMSC-211, ¶ 33, 77 N.M. 61, 419 P.2d 257. But *Gonzales* actually states, "*The* allegations of agency are sufficient to withstand a motion to dismiss," referring to the specific allegations in *Gonzales*. *Id.* (emphasis added).

District courts have "broad discretion in determining whether to permit jurisdictional discovery." *Health Grades, Inc., Decatur Mem'l Hosp.*, No. 05-cv-1445, 2006 WL 1704454, *3 (10th Cir. June 22, 2006). A refusal to grant discovery is an abuse of discretion only if "the denial results in prejudice to a litigant." *Sizova*, 282 F.3d at 1326. Prejudice occurs when "pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." *Id.* (citation omitted). It is not an abuse of discretion to deny jurisdictional discovery when there is only a "very low probability that the lack of discovery" will affect the outcome of the case. *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (citation omitted).

The party seeking discovery bears the burden of establishing she is entitled to such discovery. *Id.* The party is required to file an "explicit, supported motion for discovery." *World Wide Ass'n of Specialty Programs & Schs. v. Houlahan*, No. 04-cv-4181, 2005 WL 1097321, *2 (10th Cir. May 10, 2005). A court need not recognize a "general request for discovery" made in response to a Rule 12(b)(2) motion. *Id.*

Here, Plaintiffs do not meet their burden demonstrating they are entitled to jurisdictional discovery. Plaintiffs summarily state they are "entitled to develop the evidentiary record" without tailoring their request to address personal jurisdiction. *See Grynberg*, 490 F. App'x at 104 (finding no abuse of discretion when district court denied broad discovery requests that failed to specifically address personal jurisdiction). Plaintiffs request leave to conduct limited discovery to "present material under a Rule 56 argument," which is not at issue. **Doc. 39 at 8 n.5**. Further, Plaintiffs make a general request for discovery in three sentences and a footnote and fail to offer an explicit, supported motion for discovery. *See Houlahan*, 2005 WL 1097321, at *2 (requiring an "explicit, supported motion for discovery" and finding a court need not recognize a "general request for

13

discovery"). Plaintiffs have not met their burden establishing that jurisdictional discovery is warranted. Accordingly, Plaintiffs' discovery request is denied.

### III. Leave to Amend

Plaintiffs request leave to amend pursuant to Rule 15(a). **Doc. 39 at 9**. Defendant CooperCompanies argues leave to amend should be denied because amendment would be futile. **Doc. 42 at 7–8**. The Court agrees.

A court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be denied when the proposed amendment would be futile, however. *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (citation omitted). An amendment is "futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citation omitted). Generally, a court need not grant leave to amend when a party fails to file a formal motion. *Calderon v. Kansas Dept. of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). A proposed amendment must accompany the motion to amend. D.N.M.LR-Civ. 15.1.

Here, any amendment Plaintiffs might offer would be futile. Given the lack of personal jurisdiction and the controlling Avery Declaration, the Complaint would be subject to dismissal irrespective of the possible amendment Plaintiffs propose. *See Gibbs-Squires v. Urban Settlement Servs.*, 623 F. App'x 917, 921 (10th Cir. 2015) (citing *Jefferson*, 175 F.3d at 859) (finding when proposed amendments add no new information to assist a court's analysis, denial is proper). Further, Plaintiffs did not file a separate motion for leave to amend. Plaintiffs requested leave to amend within their Response to Defendant CooperCompanies' Motion to Dismiss, and they failed to include a proposed amendment pursuant to Local Rule 15.1. *See Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) (finding a district court properly denied a motion to amend

when a plaintiff never filed a separate motion with a proposed amended complaint as required by Rule 15(a)(2) and the local rules). Accordingly, Plaintiffs' request for leave to amend is denied.

## CONCLUSION

The Court finds that there is no personal jurisdiction over Defendant CooperCompanies. Plaintiffs have failed to Demonstrate that this Court has personal jurisdiction over Defendant CooperCompanies. Since the Court lacks personal jurisdiction over Defendant CooperCompanies, it need not consider its Rule 8(a)(2) or Rule 12(b)(6) Motions to Dismiss.

**IT IS THEREFORE ORDERED** that Defendant CooperCompanies' Motion to Dismiss Plaintiffs' First Amended Complaint (**Doc. 28**) is hereby **GRANTED IN PART** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Defendant CooperCompanies is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE